## Cocke *v.* Garrett.

1. MARRIED WOMAN. *Contracts. Separate estate.* Property in the hands of a trustee for the sole and separate use of a *feme covert*, and subject to her absolute disposition, will be held liable in a court of equity for any debt she may contract, with an understanding, express or implied, that they are to be paid out of such property. But the separate estate is not liable generally for her personal engagements, but only where the debt is charged specifically upon the separate estate, with the concurrence of the trustee, if their be one. She cannot charge or dispose of it in any way except in the particular mode indicated in the deed.

   Cases cited: Catron *v.* Warren, 1 Col., 358; Litton *v.* Baldwin, 8 Hum., 209; Morgan *v.* Elam, 4 Yer., 375.

2. SAME. *Same. Remedy.* The remedy of the creditor in such cases is not *in personam* but *in rem* in a proceeding against the property itself. For, her contract is, in law, a nullity, and the matter is cognizable in equity only.

Cocke *v.* Garrett.

3. Same. *Same. Abandonment by husband.* Where a husband has deserted his family, the wife may prosecute or defend any action he might have prosecuted or defended. She may also sue and be sued in her own name for any cause of action accruing subsequent to such desertion. In such a case the wife would occupy, with reference to her property, precisely the same situation as a *feme sole.*

Code cited: Sec. 2805.

FROM MADISON.

Appeal from the Circuit Court. G. B. BLACK, Judge.

CAMPBELL & McCAMY for complainant.

TOMLIN & SON and MUSE for defendant.

SNEED, J., delivered the opinion of the court.

The questions arise upon the plea of coverture in this case. The action was against Cocke and wife upon a note of the wife executed *dum sola,* and an account contracted by her during the coverture. The verdict was for the defendants as to the note, and against them as to the account.

The defendants appealed in error from the judgment on the account, but the plaintiff does not appeal from the judgment on the notes. The account, it is alleged, was contracted by the wife for work and labor done on her separate real property in the erection of a dwelling house.

The action was begun by original summons served upon both the husband and the wife, and they plead jointly several pleas not necessary to be noticed. An

ancillary attachment was also sued out, and levied upon the separate real estate of the wife, and upon a traverse of the affidavit by plea in abatement the attachment was sustained.

The defendant, Mrs. Cocke, filed a plea of coverture, to which the plaintiff filed a replication, averring, first, a marriage settlement between the defendants, by which the wife retained full power over her separate estate, to sell, dispose of, or bind the same, and that the work and labor was done upon the separate estate of the wife at her special instance and request. The second replication to the plea of coverture avers that at the time of said contract by the wife for the work and labor aforesaid, the said husband had abandoned and deserted the wife, and that she was living and acting as a *feme sole*, and that the said husband was making no provision for her, and that said right of action accrued subsequent to said desertion.

The defendants demurred to these replications, and thus raised the questions to be considered. The defendant Ann E. Cocke's demurrer to the first replication to the plea of coverture is upon the ground that no profert is made of the marriage contract. This demurrer was sustained, and the plaintiff was permitted to file a new amended replication, making profert of said marriage contract. The demurrer to the second replication to the plea of coverture was upon the ground that it did not aver that the husband had abandoned his allegiance to the United States, or become a citizen of any foreign country. There was a demurrer, also, to both replications, upon the ground

that a court of law has no jurisdiction to subject the separate property of a married woman to the payment of debts.

The court, as we have seen, sustained the demurrer to the first replication of a marriage settlement for want of a profert thereof, and upon the plaintiffs filing the amended replication making profert, the defendant craved oyer of the contract, and demurred upon the ground that said instrument did not authorize the wife to bind her separate property for work and labor done thereon, and because of a variance between the terms of the contract as read upon oyer, and the terms alleged in the replication.

The demurrer was overruled by the court, and issues joined upon the replication to the plea of coverture. The issues were put to the jury, and a verdict was rendered for the defendants as to the note sued on, and in favor of the plaintiff upon the account sued on, and thereupon judgment was rendered against defendants, and execution awarded. The bill of exceptions setting forth the merits cannot be considered, as it was signed by the Circuit Judge at a term subsequent to that at which the verdict and judgment were rendered.

The case turns exclusively, therefore, upon the rulings of the Circuit Judge upon the pleadings. The ante nuptial contract, after waiving and relinquishing to the defendant Ann all the interest in her real or personal property which the husband might acquire by marriage, contains the following clause: "And the said Ann Eliza doth hereby constitute and appoint the said

John C. trustee, to preserve and protect her property during the marriage, and hereby vests him with such title therein and control thereof as may be necessary for that purpose, and no further. She retains the right of disposing of any of her property by proper conveyance at any time during the marriage as though she was a *feme sole.*"

It will be observed that the plaintiff's replication does not aver that the defendant Ann Eliza did actually charge or intend to charge her separate estate for the improvements put upon it, but that she had a separate estate, with a right to sell, dispose of, and charge the same, and that the work and labor was done at her special instance and request. It will be observed, also, that the marriage articles invest the husband with a special trust for the preservation and protection of the property, and that while they contain a power of disposition by proper conveyance, they confer no special authority for the wife to charge the property for improvements or otherwise. We know of no principle upon which a court of law could take cognizance of such a question. It may be assumed that the wife was a *feme sole* so far as the sale and disposition of the property is concerned, but for any and all other purposes her rights are certainly complicated and embarrassed by the express trust vested in the husband for the preservation and protection of the property. It is obvious that while living together as man and wife, her contracts were absolutely void, and that she had no right to charge or dispose of the property, except in the manner indicated in the articles,

without the husband's consent, so long as his trust for its preservation continued. It is a familiar principle that property in the hands of a trustee for the sole and separate use of a *feme covert,* and subject to her absolute disposition, will be held liable in a court of equity for any debts she may contract with an understanding, express or implied, that they are to be paid out of such property: 3 Ired. Eq., 237.

But the separate estate is not liable generally for her personal engagements, but only where the debt is charged specifically upon her separate estate, with the concurrence of the trustee, if there be one: *Draper* v. *Jordon,* 5 Jones' Eq., 175; *Johnston* v. *Malcom,* 6 Jones' Eq., 120. She cannot charge or dispose of it in any way except in the particular mode indicated in the deed: 1 Cold., 358; 8 Hum., 209; 4 Yerg., 375. And the remedy in such cases is not *in personam,* but *in rem* in a proceeding against the property itself, for her contract is in law a nullity, and the matter is cognizable in equity only: 2 Story's Eq. Jur., sec. 1397. Thus it is said, "the doctrine as to how far the court will execute the contract entered into by a *feme covert* as to her separate estate was very fully discussed, and all the cases were cited by Sir Thomas Plumer in the case of *Francis* v. *Wigzell,* 1 Madd., 258. It was there decided, and clearly in conformity with all previous decisions, that the court has no power against a *feme sole in personam,* but that if she has separate property, the court has control over that property. In all cases, however, the court must proceed *in rem* against the property. A *feme covert* is

not capable of entering into contracts so as to give a personal remedy against her." And if she undertake to charge the estate for her contracts, she must do so clearly and unequivocally, and by the strict terms of the deed or settlement under which she holds the property: 1 Johns. Ch. R., 450; 1 Ves., 189; 4 Bro. R., 483; Reeve's Dom. Rel., 266.

We hold that the demurrers to the plaintiff's first replication to the plea of coverture on the ground that the defendant Ann had no power to bind her estate for work and labor done upon it, and upon the ground, also, of a want of jurisdiction in the court of law, and of the variance also, should have been sustained.

The ground assumed by the second replication to the plea of coverture is that the said husband had abandoned and deserted the defendant Ann, and that the plaintiffs right of action accrued subsequently to said abandonment. According to the ancient common law, if the husband has abjured the realm, or if he be banished, the wife may act as a *feme sole*, and is no longer under the restraints of coverture as to her property or her contracts. The defendant demurred to this replication of the plaintiff because it did not aver an abjuration of the realm.

We think the replication was a good one, and the demurrer to it was properly disallowed. Our statute has very materially modified the rigors of the common law for the protection of married woman. By the Code it is provided that where a husband has deserted his family, the wife may prosecute or defend in his

name any action he might have prosecuted or defended. She may also sue and be sued in her own name for any cause of action accruing subsequent to such desertion: Code, sec. 2805. The last clause of this section is so comprehensive as to leave no doubt that in such a case the wife is restored to all the rights of a *feme sole*, so far as suing and being sued is concerned. She, in such a case, would occupy, in regard to her property, and the right of contracting, the same as a *feme sole*. The language is, she may sue and be sued in any cause of action accruing subsequently to such desertion. These words, "any cause of action," import the power of entering into contracts as a *feme sole*, and of binding herself and her estate.

How far the property of the defendant in this case may be affected by the alleged desertion, or what effect a re-union of the parties before action brought may have upon the rights of the creditor as against the wife, are questions not now before us. We simply hold the replication on its face to be good, and think the court did not err in disallowing the demurrer thereto.

For the other errors indicated the judgment is reversed, and a new trial awarded.